IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION
CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JUL 11 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

KEVIN SCOTT ANDERSON and
SHANNON PAIGE ANDERSON,
                        *Appellants*,

v.

BANK OF AMERICA,
                        *Appellee*.

No. 6:12–cv–00017

MEMORANDUM OPINION

Judge Norman K. Moon

This matter is before the Court on appeal of a final decision of the United States Bankruptcy Court for the Western District of Virginia, by which Appellants' Motion for Default Judgment was denied. Oral argument has not been requested, and pursuant to the Bankruptcy Briefing Notice (docket no. 3), I will decide the matter on the submissions. For the reasons explained below, I will affirm the decision of the bankruptcy court.

## I. BACKGROUND

On February 25, 2010, Kevin and Shannon Anderson ("the Andersons" or "Appellants") filed a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia. Their case was converted to a Chapter 7 case on January 24, 2011. On or about February 14, 2011, the Andersons filed a Statement of Intention, in which they surrendered their Gladstone, Virginia residence. At that time, Bank of America ("Appellee") held a secured debt on the residence in the amount of $139,467.00.

On April 27, 2011, pursuant to 11 U.S.C. § 524, the Andersons were granted a discharge of all of their dischargeable debts, including the debt owed to Appellee. As I explain in more

detail below, this discharge operated as an injunction against certain acts to recover debts as personal liabilities of the Andersons. Despite their discharge, on or about May 1, 2011, the Andersons received a statement from BAC Home Loans Servicing, LP (the "BAC Statement"), which was sent on behalf of Bank of America,[1] and which, according to the Andersons, violated the discharge injunction.

Because its precise contents serve as the entire basis of the Andersons' Complaint, I will quote the BAC Statement rather completely. Page 1 of the BAC Statement comprises three fairly distinct portions—the top, middle, and bottom. The top portion provides:

**FOR INFORMATION PURPOSES**

**IMPORTANT NOTICE**[2]

If you do not want us to send your monthly statements in the future, please contact us at 1.800.669.5224.

This statement is being furnished for informational purposes only and should not be construed as an attempt to collect against you personally. While your obligation to BAC Home Loans Servicing, LP may be discharged by operation of law, BAC Home Loans Servicing, LP has retained the ability to enforce its rights against the property securing this loan should there be a default.

If you are presently involved in a Chapter 13 proceeding, please be advised that you are required to obey all orders of the Court, including those confirming or modifying the terms of your repayment plan. You may disregard the payment information/coupon below to the extent it conflicts with any order or requirement of the Court.

This is not a statement of the amount necessary to pay off your loan.

Andersons' Compl. Ex. A. The middle portion, then, provides a balance. Adjacent to a "**HOME LOAN SUMMARY**" heading is a "Principal Balance as of 04/28/2011" listed in the amount of

---

[1] As stated in the Andersons' Memorandum in Support of their Motion for Default Judgment in the bankruptcy court, BAC Home Loans Servicing, LP serviced the debt for Bank of America.

[2] The "**IMPORTANT NOTICE**" provision is set off from the preceding "**FOR INFORMATION PURPOSES**" provision by an entire line of bullet points.

2

"$155,031.39." *Id.* The bottom portion, after giving notice that calls may be monitored and describing a fee for returned or rejected payments, notifies the recipient that "BAC Home Loans Servicing, LP is required by law to inform you that this communication is from a debt collector." *Id.* It also provides express "**PAYMENT INSTRUCTIONS**," informing the recipient how to make out checks and where to send them. *Id.* Further, at the right side of the bottom portion, the document sets out a date, "05/01/2011," adjacent to which is an "$892.50" figure. *Id.* Page 2 of the BAC Statement provides contact information for Bank of America, and describes the process by which Bank of America will post any payments made. *Id.*

In their Complaint before the bankruptcy court, the Andersons, in parts relevant to the instant appeal, claimed that Appellee had willfully violated the discharge injunction entered in the Andersons' bankruptcy case pursuant to 11 U.S.C. § 524, and that such violation constituted contempt of the bankruptcy court's orders. In short, the Andersons alleged that, by sending the above-referenced statement, Bank of America sought to collect on a debt after lawful discharge, and that such an attempt violated the discharge injunction.

Bank of America failed to respond to the Complaint, and the clerk entered default. The Andersons then sought default judgment, but the bankruptcy court found that "nothing in the language of the [BAC Statement] . . . could possibly be construed as an attempt to collect the Debt as a personal liability of the Plaintiffs," and issued judgment in favor of Bank of America. The instant appeal followed. I observe that, up to and including the time of this writing, Appellee has not participated in this case.

## II. STANDARD OF REVIEW

A district court reviewing a final decision of a bankruptcy court must evaluate the bankruptcy court's "findings of fact for clear error and its legal conclusions de novo." *Kielisch*

3

*v. Educ. Credit Mgmt. Corp. (In re Kielisch)*, 258 F.3d 315, 319 (4th Cir. 2001) (quoting *Deutchman v. IRS*, 192 F.3d 457, 459 (4th Cir. 1999)).

### III. DISCUSSION

Section 524(a)(2) of the Bankruptcy Code provides that a discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . ." 11 U.S.C. § 524(a)(2). While there exists no private right of action for a violation of § 524(a)(2), *Curtis v. LaSalle Nat'l Bank (In re Curtis)*, 322 B.R. 470, 484 n.17 (Bankr. D. Mass. 2005), § 105 of the Bankruptcy Code authorizes a bankruptcy court to hold a party in civil contempt for violating a previous order, *see Burd v. Walters (In re Walters)*, 868 F.2d 665, 669 (4th Cir. 1989), including a discharge order, *see In re Barbour*, 77 B.R. 530, 532 (Bankr. E.D.N.C. 1987).

A party seeking to hold another in contempt for violating a discharge order has the burden of showing that there was a violation, and that the violation was willful. *See Cherry v. Arendall (In re Cherry)*, 247 B.R. 176, 187 (Bankr. E.D.N.C. 1987). The willfulness inquiry, in the context of the violation of a discharge order, is similar to the willfulness inquiry in the context of a violation of the automatic stay provision of 11 U.S.C. § 362. *Id.* Cases have established that a creditor willfully violates an automatic stay merely by committing an intentional act with knowledge of the automatic stay. *Id.* at 188 (citations omitted). Thus, to demonstrate willfulness in the context of a discharge injunction, a plaintiff must show that a creditor committed an intentional act with knowledge of the discharge injunction. And to demonstrate that a *violation* of the discharge injunction occurred, a plaintiff must show that a creditor's "actions constitute[] an 'act . . . to collect . . . [the mortgage loan] as a personal liability

4

of the debtor.'" *Kreeger v. U.S. Bank, N.A. (In re Kreeger)*, 2001 Bankr. LEXIS 2193, at *10–11 (Bankr. W.D. Va. 2001) (alterations in original) (quoting 11 U.S.C. § 524(a)(2)).

Pulling the above requirements together, then, Appellants must demonstrate that Bank of America sent the BAC Statement with knowledge of the discharge injunction, and that the BAC Statement constituted an attempt to collect the debt as a personal liability of the Appellants. It appears to be true—and it has not been disputed—that Bank of America was included as a creditor on Appellants' schedule and mailing matrix, and thus Bank of America knew that Appellants had filed for bankruptcy. The sending of the BAC Statement was also undoubtedly intentional, so the critical inquiry becomes whether the letter represents a violation of the discharge injunction.

Appellants submit that the statement sent by Bank of America demanded payment of a debt that was discharged in their Chapter 7 bankruptcy. Specifically, the Andersons point out that the BAC Statement:

> (1) demanded payment of $892.50 by May 1, 2011; (2) claimed the principal balance owed by the Andersons to be $155,031.39 as of April 28, 2011; (3) required that checks be made payable to BAC Home Loans Servicing, LP; (4) included the address to which the payment was to be sent; (5) explained that "[a]ll accepted payments of principal and interest will be applied to the longest outstanding installment due, unless otherwise expressly prohibited by law. If you submit an amount in addition to your scheduled monthly amount we will apply your payments as follows: (i) to outstanding monthly payments of principal [and] interest, (ii) escrow deficiencies, (iii) late charges and other amounts you owe in connection with your loan and (iv) to reduce the outstanding principal balance of your loan;" and (6) stated that "this communication is from a debt collector."

Br. of Appellants 5–6.

By citing only the foregoing provisions of the BAC Statement, however, Appellants ignored other significant portions thereof. The top portion of the Andersons' BAC Statement informs them that the letter "should not be construed as an attempt to collect against [them]

5

personally." It also assures the Andersons that they "may disregard the payment information/coupon below to the extent it conflicts with any order or requirement of the Court." This information is all contained on the center of Page 1 of the BAC Statement. Additionally, the fact that the BAC Statement is intended "**FOR INFORMATION PURPOSES**" is apparent not only from the fact that the such words are bolded, capitalized, underlined, and centered at the top of Page 1, but also from the fact that these exact words are included again in the second sentence of the statement itself.

In these ways, the instant case differs significantly from *Harlan v. Rosenberg & Associates (In re Harlan)*, 402 B.R. 703 (Bankr. W.D. Va. 2009) and *Curtis v. LaSalle National Bank (In re Curtis)*, 322 B.R. 470 (Bankr. D. Mass. 2005), both of which Appellants discuss in their Briefs. The statement at issue in *Curtis* contained a notification that, "if your loan was in bankruptcy, this letter is for notification purposes only," and that, if the "repayment obligations have been discharged in a Chapter 7 case, this is not an attempt to impose personal liability on you." 322 B.R. at 484 n.18. Importantly, however, the *Curtis* notification was "[o]n the backside of the first page of the . . . letter, and without the capital letters and bold print employed for other sections of the letter . . . ." *Id.* Similarly, in *Harlan*, "[t]he lone indication that [the lender] was only attempting to enforce its in rem rights is embedded in regular font in the middle of the second paragraph . . . ." 402 B.R. at 707.

Additionally, as United States Bankruptcy Judge Anderson observed, the statement at issue in this appeal "provides that no monthly statement would be sent in the future if the [Appellants] would simply make one toll-free telephone call" to a number that was supplied. *Anderson v. Bank of America (In re Anderson)*, Case No. 11–06117 (Bankr. W.D. Va. Jan. 27, 2012). While the BAC Statement does indeed provide principal balances, estimated payments,
6

personally." It also assures the Andersons that they "may disregard the payment information/coupon below to the extent it conflicts with any order or requirement of the Court." This information is all contained on the center of Page 1 of the BAC Statement. Additionally, the fact that the BAC Statement is intended "**FOR INFORMATION PURPOSES**" is apparent not only from the fact that the such words are bolded, capitalized, underlined, and centered at the top of Page 1, but also from the fact that these exact words are included again in the second sentence of the statement itself.

In these ways, the instant case differs significantly from *Harlan v. Rosenberg & Associates (In re Harlan)*, 402 B.R. 703 (Bankr. W.D. Va. 2009) and *Curtis v. LaSalle National Bank (In re Curtis)*, 322 B.R. 470 (Bankr. D. Mass. 2005), both of which Appellants discuss in their Briefs. The statement at issue in *Curtis* contained a notification that, "if your loan was in bankruptcy, this letter is for notification purposes only," and that, if the "repayment obligations have been discharged in a Chapter 7 case, this is not an attempt to impose personal liability on you." 322 B.R. at 484 n.18. Importantly, however, the *Curtis* notification was "[o]n the backside of the first page of the . . . letter, and without the capital letters and bold print employed for other sections of the letter . . . ." *Id.* Similarly, in *Harlan*, "[t]he lone indication that [the lender] was only attempting to enforce its in rem rights is embedded in regular font in the middle of the second paragraph . . . ." 402 B.R. at 707.

Additionally, as United States Bankruptcy Judge Anderson observed, the statement at issue in this appeal "provides that no monthly statement would be sent in the future if the [Appellants] would simply make one toll-free telephone call" to a number that was supplied. *Anderson v. Bank of America (In re Anderson)*, Case No. 11–06117 (Bankr. W.D. Va. Jan. 27, 2012). While the BAC Statement does indeed provide principal balances, estimated payments,

payment instructions, information on how Bank of America will post any payments made, and other remarks that could surely be construed, by themselves, as attempts to collect an already-discharged debt, I find that those portions of the statement, when viewed in conjunction with the other advisements I have already discussed, do not represent a violation of the discharge injunction under § 524(a).

### IV. CONCLUSION

For the reasons I have explained, I will affirm the decision below, holding that the statement that Appellee sent to Appellants does not constitute violation of the discharge injunction.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 11th day of July, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE